# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

June 26, 2025

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Ramon E. Reyes, U.S.D.J.
225 Cadman Plaza East
Courtroom 2E North
Brooklyn, NY 11201-1804

      *Re:*    Feliciano, *et ano.* v. JPJ Franklin LLC, *et al.*
             <u>Case No.: 1:25-cv-1929 (RER) (LKE)</u>

Dear Judge Reyes:

      This firm represents the Defendants in the above-referenced case, who respectfully submit this letter motion in accordance with ¶ IV(A) of this Court's Individual Practice Rules (hereinafter the "Individual Rules") to respectfully request a pre-motion conference in anticipation of Defendants' motion to dismiss Plaintiff's Complaint, ECF Docket Entry 1, pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule").

**<u>Plaintiff's Complaint Should be Dismissed for Failure to State a Claim</u>**

      On April 8, 2025, Plaintiffs – two (2) short term employees who worked for some of the Defendants for five (5) months and three (3) months, respectively – commenced this case by filing a complaint. <u>See</u> ECF Docket Entry 1. The crux of the complaint is that they were not *timely* paid, conceding that they were paid all owed wages. <u>Id.</u> ¶¶ 3, 5.

      The FLSA provides that "[e]very employer shall pay to each of his employees ... who in any workweek is engaged in commerce or in the production of goods for commerce ... not less than the minimum wage." <u>See</u> <u>Rogers v. City of Troy, N.Y.</u>, 148 F.3d 52, 55 (2d Cir. 1998)) (<u>quoting</u> 29 U.S.C. § 206(b)). The FLSA "does not specify *when* this wage must be paid." <u>Id.</u> (emphasis in original). "Although the FLSA does not explicitly require that wages be paid on time, the courts have long interpreted the statute to include a prompt payment requirement." <u>Id.</u> (citations omitted). While "the FLSA requires wages to be paid in a timely fashion," Second Circuit precedent "demonstrate that what constitutes timely payment must be determined by objective standards ..." <u>Id.</u> at 57. Such considerations are intended to reflect the fact that the FLSA "was not designed to codify or perpetuate industry customs and contracts but to achieve a uniform national policy in terms of wages and hours." <u>Id.</u> (<u>quoting</u> <u>Barrentine v. Arkansas-Best Freight Sys., Inc.</u>, 450 U.S. 728, 741 (1981) (quotations omitted).

      As for the NYLL, in <u>Grant v. Glob. Aircraft Dispatch, Inc.</u>, the Second Department held that the plain language of Labor Law § 198(1–a) supports the conclusion that this statute is addressed to nonpayment and underpayment of wages, as distinct from the frequency of payment (see <u>Gutierrez v. Bactolac Pharm., Inc.</u>, 210 A.D.3d 746, 747) and it did not agree that payment of full wages on the regular biweekly payday constitutes nonpayment or underpayment. <u>See</u> 204

N.Y.S.3d 117, 122 (2d Dept. 2024); see also Galante v. Watermark Services IV, LLC, 722 F. Supp. 3d 170, 185 (W.D.N.Y. 2024) ("In light of the text, purpose, and history of the statute, the Court concludes that the Second Department's decision in Grant better reflects how the New York Court of Appeals would decide this issue. The Court therefore finds that § 198(1-a) does not provide an express private right of action for violations of § 191(1)(a)").

In this case, Plaintiffs concede that they were paid on a weekly basis and meekly suggest that checks were prepared on a weekly basis but withheld for a week. These allegations are nonsensical and can be afforded no weight. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009); see also Sinaltrainal v. Coca–Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (noting that courts must draw "reasonable inferences in Plaintiff's favor, but ... are not required to draw Plaintiff's inferences", refuse to take as true "unwarranted deductions of fact" and require that allegations be "plausible on [their] face"). However, other Courts of Appeals have read Iqbal to "admonish[ ] those plaintiffs who merely parrot the statutory language of the claims that they are pleading ... rather than providing some specific facts to ground those legal claims...." Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009) (noting that while factual allegations must be accepted as true *"some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim"*) (emphasis added); see also Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (noting "bare assertions" are not to be "discounted because they are 'unrealistic or nonsensical,' but rather because they do nothing more than state a legal conclusion ..." and the "non-conclusory factual content and reasonable inferences from that content must be plausibly suggestive of a claim entitling the plaintiff to relief").

In the event the Court is inclined to disagree with the foregoing, it should consider a stay. See Pry v. Auto-Chlor System, LLC, No. 23 CIV. 4541, 2024 WL 3728981, at *3 (S.D.N.Y. Aug. 8, 2024) ("further proceedings in this action are hereby stayed pending the New York Court of Appeals' potential review of the decision in Grant").

**The Court Should Decline to Exercise Supplemental Jurisdiction over Local Law Claims**

The only basis for this Court to have subject matter jurisdiction is the federal question posed by Plaintiff's FLSA claims. See 28 U.S.C. § 1331. Defendants respectfully submit that this Court should decline to exercise supplemental jurisdiction over the fair workweek claims under New York City local law in this case.

When a district court has original jurisdiction over claims in a case, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action ... that they form part of the same case or controversy under Article III.'" See F5 Capital v. Pappas, 856 F.3d 61, 77 (2d Cir. 2017) (quoting 28 U.S.C. § 1367(a)); see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966) ("Pendent jurisdiction ... exists whenever there is a claim 'arising under [federal law],' and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" (quoting U.S. Const. art. III, § 2))). Claims are considered "'part of the same case or controversy' if they 'derive from a common nucleus of operative fact.'" See Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 245 (2d Cir. 2011) (quoting Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 308 (2d Cir. 2004)).

Here, the only federal claims raised arise under the FLSA. As such, only the NYLL claims may properly form the basis for having a relationship to the FLSA claims for the identical issues. Consequently, the remaining local law claims under the Fair Workweek Law have absolutely nothing to do with Plaintiff's wage-and-hour claims.

Accordingly, this Court must dismiss all but the first two (2) causes of action because the remaining three (3) causes of action have absolutely no bearing on Plaintiff's federal wage-and-hour claims and can in no way be considered "part of the same case or controversy" nor "derive from a common nucleus of operative fact."

Based on the foregoing, Defendants respectfully submit that their letter motion for a pre-motion conference be granted.

Defendants thank this honorable Court for its time and attention to this case.

Dated: Jamaica, New York
June 25, 2025

Respectfully submitted,

**SAGE LEGAL LLC**

By: */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants*