**KESSLER MATURA**

July 1, 2025

**Via ECF**
Hon. Ramon E. Reyes, Jr. U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Feliciano, et al. v. JPJ Franklin LLC, et al.*
     No. 1:25 Civ. 1929 (RER)(LKE)

Dear Judge Reyes:

  Together with Werman Salas P.C., we represent Plaintiffs in the above-captioned matter. We write to oppose Defendants' pre-motion conference request (ECF No. 9). Defendants' request should be denied because (1) the Complaint alleges a violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), (2) Plaintiffs' possess a cause of action for Defendants' failure to pay them on time under Sections 191 and 198 of the New York Labor Law ("NYLL"); and (3) the Court has supplemental jurisdiction over the Fair Workweek Law, N.Y.C. Admin. Code § 20-1201, *et seq.* ("FWW Law"), claims.

## Case Overview

  Plaintiffs Inezlee Feliciano and Amanda Cardona are former employees of Defendants' Checkers restaurants who bring this action challenging Defendants' systematic wage-and-hour practices that violated the FLSA, NYLL, and FWW Law. Feliciano worked as a cashier for Defendants from about February 2023 through July 2023 at their location at 43 Empire Boulevard in Brooklyn. ECF No. 1 (Compl.) ¶¶ 9, 26. Cardona worked as a cashier from about January 2021 through April 2021 at their location at 797 Pennsylvania Avenue in Brooklyn. *Id.* ¶¶ 28, 36.

  Plaintiffs' claims center on Defendants' failures to pay their employees all their earnings on time. First, Defendants prepared weekly paychecks but withheld every other paycheck for an additional week, paying employees on a biweekly basis with back-dated checks. *Id.* ¶¶ 3, 5, 18, 35, 82-83, 116-120, 126-127. As a result, Defendants failed to pay Plaintiffs, the FLSA Collective, and the Class on their weekly payday and within seven days of the workweek's end. *Id.* Second, Feliciano alleges violations of FWW Law, including that Defendants' manager regularly texted her schedule less than 14 days in advance, required her to work additional unscheduled hours without written consent or premium pay, and failed to offer existing part-time employees additional shifts before hiring new employees. *Id.* ¶¶ 19, 21-25, 131, 136, 141.

## Argument

**I. Plaintiffs Complaint Alleges a Cognizable FLSA Claim.**

  The FLSA imposes a prompt payment requirement. *Rogers v. City of Troy, N.Y.,* 148 F.3d 52, 55 (2d Cir. 1998). When considering whether wage payments were not sufficiently prompt,

Courts consider the delay's reasonableness. *Adams v. City of New York*, No. 16 Civ. 3445, 2021 WL 1791182, at *8-9 (S.D.N.Y. May 5, 2021) (collecting cases); *see, e.g.*, *Strain v. Sw. Airlines Co.,* No. 24 Civ. 8885, 2025 WL 1384156, at *1 (E.D.N.Y. May 13, 2025) ("[A] violation of NYLL § 191 could be one factor suggesting—and indeed an objective indication—that Southwest did not promptly pay its employees, and therefore constitute a violation of FLSA."). NYLL § 191 is "a corollary" to the FLSA's prompt-payment mandate. *Gorski v. State*, 23 Misc. 3d 327, 874 N.Y.S.2d 347, 352 (Ct. Cl. 2008); *Sarit v. Westside Tomato, Inc.*, No. 18 Civ. 11524, 2020 WL 1891983, at *4 (S.D.N.Y. Apr. 16, 2020) (collecting cases analyzing the two together).

Here, the Complaint plausibly alleges that Defendants' pay practices violated the FLSA. As a preliminary matter, because the NYLL sets the required pay date for manual laborers, it is unreasonable to pay such workers beyond that date without good cause. *See, e.g.*, *Cooke v. Frank Brunckhorst Co., LLC*, 722 F. Supp. 3d 127, 136-37 (E.D.N.Y. 2024), *on recon.*, 734 F. Supp. 3d at 208. Moreover, Defendants' alleged backdating and withholding paychecks (*see* Compl. ¶¶ 3, 5, 18, 82-83, 116-120) underscores the objective unreasonableness of their failure to pay wages on a weekly basis. *See Strain*, 2025 WL 1384156, at *3 (discussing the objective nature of the inquiry and the relationship between the FLSA and NYLL). Plaintiffs do not "concede" that they were paid on a "weekly basis," as Defendants claim. Rather, Plaintiffs allege that Defendants paid them late while attempting to maintain an appearance of timely, weekly pay.

## II.  As Stay is Not Warranted Because the Legislature Abrogated *Grant*.

*Grant* rests, at best, on shaky ground. To start, there is near unanimity among the district courts that the Court of Appeals would rule in favor of *Vega*, instead of *Grant*. *Schiller-Egles v. PromptCare Cos., Inc.*, No. 23 Civ. 6790, 2025 WL 904331, at *9 (S.D.N.Y. Mar. 25, 2025) ("The Court joins all other district courts in this Circuit, save one, and concludes that the Court of Appeals is likely to apply *Vega's* reason over *Grant's* . . . ."). The legislative history of Section 198 of the NYLL also shows that the Legislature imported the FLSA's application of liquidated damages, which the Legislature did not deviate from until May 2025. *See, e.g.*, Hr'g. Tr. at 6-7, *Jones v. Nike Retail Servs. Inc.*, No. 22 Civ. 3343, ECF No. 49 (E.D.N.Y. Mar. 14, 2025), https://www.courtlistener.com/docket/63365369/49/jones-v-nike-retail-services-inc/; *Espinal v. Sephora USA, Inc.*, No. 22 Civ. 3034, 2024 WL 4241537, at *6 (S.D.N.Y. Sept. 19, 2024) (determining that "the NYLL affords a private right of action" for these claims just as the FLSA has since the 1940s), *recon. denied*, 2024 WL 4751279 (S.D.N.Y. Nov. 12, 2024); *accord.* N.Y. State Senate, Adopted Budget Report (Apr. 19, 2024) at 45 ("[The budget] intentionally omits the Executive proposal to remove the allowance of liquidated damages in instances where a manual worker is paid bi-weekly instead of weekly, as currently required under Labor Law."), https://www.nysenate.gov/sites/default/files/open-data/fy-2025-adopted-budget-report.docx.pdf (last accessed June 29, 2025).

This May, the Legislature again made clear that a private right of action exists, and has existed, by amending Section 198 to address the measure of damages in biweekly-pay cases. *See* 2025 Sess. Law News of N.Y. Ch. 56 (S. 3006-C, Part U). The amendment is retroactive. *Id.* § 2 ("This act shall . . . apply to causes of action pending or commenced on or after [May 9, 2025]."). As a result, the Legislature has abrogated *Grant* and there is no need to stay this case.

### III. The Court has Supplemental Jurisdiction Over the FWW Law Claims Because it also Arises out of Defendants' Scheduling and Payment Policies.

Courts exercise supplemental jurisdiction over claims that "part of the same case or controversy," absent a "compelling reason not to." *Rivera v. Ndola Pharmacy Corp.*, 497 F. Supp. 2d 381, 393 (E.D.N.Y. 2007) (Reyes, Mag.) (exercising supplemental jurisdiction over discrimination claim where the discriminatory compensation was related to the FLSA overtime claim). Courts with pending claims for which it has original jurisdiction may decline to exercise supplemental jurisdiction over state law claims that (1) present a "novel or complex" state-law issue, (2) "substantially predominate" over the other claims, or (3) present "exceptional" and "compelling reasons for declining jurisdiction." 28 U.S.C. § 1367. While the employment relationship underlying both sets of claims may not, on its own, establish a "common nucleus of operative fact," supplemental jurisdiction over employment claims is warranted when they arise during the same time period and are connected by the same series of events. *See Rivera*, 497 F. Supp. 2d at 392, 394.

Here, the FWW law claims and the FLSA claims arose at the same time and because of the same facts. *See Treglia v. Town of Manlius*, 313 F.3d 713, 723 (2d Cir. 2002) (federal retaliation and state discrimination claims arose from "approximately the same set of events"). The FWW Law claims and the FLSA claims relate back to a similar time period – the FWW Law has a two-year statute of limitations under the FWW Law and two or three years under the FLSA. N.Y.C. Admin. Code § 20-1211(d); 29 U.S.C. § 255(a). Moreover, Plaintiffs allege that the FLSA claims arose out of Defendants' failure to timely provide Defendants' employees with their earned wages. Compl. ¶¶ 2-3, 18, 35. The FWW Law claims similarly arose out of Defendants' failure to timely provide schedules and pay premiums. *Id.* ¶ 19-24, 131, 141, 146. Defendants' pay and scheduling policies and practices are at issue in both the FWW Law and FLSA claims and will undoubtedly involve the same witnesses and evidence (such as time and payroll records and Defendants' communications to the putative FWW Class and FLSA Collective about the same). *See Chaluisan v. Simsmetal E. LLC*, 698 F. Supp. 2d 397, 403 (S.D.N.Y. 2010) (the involvement of "similar witnesses and evidence provides a strong rationale for exercising supplemental jurisdiction").

### Conclusion

Because the Complaint sets forth plausible allegations of FLSA and NYLL violations, the Parties should be ordered to proceed to discovery without further delay. Moreover, the Court has supplemental jurisdiction over the FWW Law claims because they arose at the same time as the FLSA claims and come out of Defendants' failure to pay the FLSA Collective and Fari Workweek Class their earnings on time. Thank you for the Court's time and attention to this matter.

Respectfully submitted,

Garrett Kaske

cc: Counsel of Record